UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Thomas Lynch et al.,

    Plaintiffs,

v.

Experian Information Solutions, Inc.,

    Defendant.

Case No. 0:20-cv-2535 (KMM/JFD)

**ORDER**

This matter is before the Court on Defendant Experian Information Solutions, Inc.'s ("Experian") Rule 72 Objection [ECF No. 58] to a nondispositive Order issued by Magistrate Judge John F. Docherty. In his Order, Judge Docherty granted in part and denied in part a motion to compel discovery filed by the plaintiffs. [Order, ECF No. 55; Pls.' Mot., ECF No. 25]. The Court concludes that the Order is neither clearly erroneous nor contrary to law, and therefore overrules Experian's Objections and affirms.

**I.    Background**

In December 2020, Plaintiffs filed their Complaint pursuant to the Fair Credit Reporting Act ("FCRA"), alleging that Experian—a credit-reporting agency—negligently or willfully violated provisions of that Act by "failing to use reasonable procedures to assure maximum possible accuracy of information." [ECF No. 1 at 11]. Specifically, Plaintiffs allege that Experian continued to report a particular account as owing for more than one year after it was in fact discharged in bankruptcy. They assert that this error was caused by Experian's failure to follow reasonable procedures—procedures Experian refers to as "bankruptcy scrubs"—in contravention of 15 U.S.C. § 1681e(b).

1

In August 2021, Plaintiffs filed a motion to compel discovery. By the time the Motion came before Judge Docherty, seven discovery requests remained at issue:[1]

- RFP No. 15, which sought "[a]ll documents related to procedures followed and action taken to assure that pre-bankruptcy debts are reported as included in bankruptcy following the filing [sic] a bankruptcy;"

- RFP No. 16, which sought all documents related to the same but following the filing of a bankruptcy discharge;

- RFP No. 17, which sought "[a]ny documents or system manuals identifying how post-bankruptcy credit reports such as Plaintiffs' are scrubbed through your automated process (if a person is involved please explain what involvement they have);"

- RFP No. 22, which sought "[a]ll agreements under which any public record vendor reported information or accessed information relating to Plaintiffs from one year preceding the filing of Plaintiff's bankruptcy to the present;"

- RFP No. 26, which sought "all documents, memoranda emails, communication, manuals, guides, or other materials relating to your policy changes and implementation, including software and algorithms, as a result of the Settlement Order in *Terri N. White v. Experian Information Solutions, Inc.*, CV 05-1070 DOC (MILGx) (C.D. Cal. Complaint filed Nov. 2, 2005);"

- RFP No. 32, which sought "[a]ll emails, communications, or memoranda sent or distributed to any and all Experian personnel that provided information related to any changes to Experian's post-bankruptcy scrub procedures" as outlined in a prior stipulation; and

- Interrogatory No. 15, which asked Experian to "[i]dentify and describe all documents, data and information you provide to creditors, subscribers and/or third parties in response to a Soft Inquiry or Account Review Inquiry."

[ECF Nos. 28-1, 28-2, 38-4]. Experian objected to these discovery requests, claiming that they were unduly burdensome, sought irrelevant information, or were duplicative of other requests.

In his Order, Judge Docherty granted the motion in part and denied it in part. He found that RFP Nos. 15 and 16 were temporally overbroad and sought documents extending back to at

---

[1] The parties had briefed other issues, but they were resolved or rendered moot prior to Judge Docherty's Order.

least 2008. He noted that the parties had subsequently agreed to limit RFP No. 32 to emails and documents since January 2020. He then held that all three requests, as written, were disproportionate to the needs of the case, but granted the motion to compel in part as to these requests as follows: Experian must produce all of the requested documents or emails, communications, or memoranda "that allow one experienced and knowledgeable about consumer credit reporting—such as Plaintiffs' counsel—to fully understand how Experian's bankruptcy scrub worked" from May 1, 2019 through October 5, 2020. [ECF No. 55 at 8].

With respect to RFP No. 22, Judge Docherty held that most of the discovery sought was irrelevant, but granted the motion to compel as to communications and documents from third-party data providers "containing precatory language about the reliability of the information provided," including "communications from Lexis Nexis to Experian, if any, warning Experian that the data was untrustworthy, unreliable, should be treated with caution, or similar words." [ECF No. 55 at 16]. Finally, Judge Docherty denied the motion to compel entirely as to RFP Nos. 17 and 26 and Interrogatory No. 15.

Experian objects to the Order, arguing that the partial grant of the motion with respect to RFP No. 22 requires the production of irrelevant discovery, and that the partial grant with respect to RFP Nos. 15, 16, and 32 compels discovery that is disproportionate to the needs of this case.

**II.   Analysis**

   **A. Standard of Review**

The Court's review of a magistrate judge's order on a nondispositive motion is "extremely deferential." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008). Such an order should be overruled only where it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); L.R. 72.2(a)(3). "A finding is clearly erroneous when although there is evidence to

support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. A decision is contrary to law when it fails to apply or misapplies relevant statues, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010) (cleaned up).

Having thoroughly reviewed the record and the parties' arguments, the Court concludes that Judge Docherty's Order was not clearly erroneous. Not only did Judge Docherty neither clearly err, nor misapply the law, the record reveals that he carefully and conscientiously assessed each issue, appropriately parsing each contested discovery request.

### B. Relevance

Experian argues that Judge Docherty's Order with respect to RFP No. 22 compels discovery that both he and the Plaintiffs have acknowledged is irrelevant. They argue that neither the nature nor accuracy of the data Experian received are at issue in this case, and that whether they received a warning regarding the reliability of that data is of no consequence in this litigation.

As an initial matter, the Court notes that Experian's assertion that Judge Docherty "recognized" the irrelevancy of the discovery compelled is belied by even a cursory reading of his Order. The Order states that "*most* of the discovery Plaintiffs seek in RFP No. 22" is irrelevant, but that "[a] portion of the discovery sought by RFP No. 22 *is* relevant," and then limits the compelled discovery to that which was deemed to be relevant. [ECF No. 55 at 15–16 (emphasis added)].

Likewise, the Court does not agree with Experian's assertion that the compelled discovery—communications and documents from data providers "containing precatory language about the reliability of the information provided"—is irrelevant. A party is entitled "to obtain

4

discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Discovery is relevant where it "has a tendency to make a fact [that is of consequence in determining the action] more or less probable than it would be without the evidence." Fed. R. Evid. 401. "Relevance is construed broadly at the discovery stage." *Heilman v. Waldron*, 287 F.R.D. 467, 473 (D. Minn. 2012).

To succeed on a claim under the FCRA, the Plaintiffs must prove, among other things, that the defendant credit-reporting agency "negligently or willfully failed to follow reasonable procedures intended to assure the accuracy of their reports." *Reed v. Experian Info. Sols., Inc.*, 321 F Supp. 2d 1109, 1113 (D. Minn. 2004). The Court agrees that any documents or communications which alerted Experian to the potential unreliability of the data on which it bases its reports are facially relevant to their claim, and Experian's conclusory assertion to the contrary is unpersuasive. Accordingly, in granting the motion to compel regarding RFP No. 22 as limited, Judge Docherty made no clear error and his decision is not contrary to law.

### C. Proportionality

Experian next argues that the discovery ordered on RFP Nos. 15, 16, and 32, is disproportionate to the needs of this case. These discovery requests were analyzed together in the Order, as they all request documents pertaining to Experian's bankruptcy scrub procedures and practices or changes thereto.

Rule 26(b)(1) provides that discovery is limited to that which is "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Experian argues that Judge Docherty failed to

5

address these proportionality considerations, which weigh against compelling the discovery sought. The Court disagrees.

In support of its attempt to relitigate the issue of proportionality, Experian makes several arguments. It alleges that this case is not of particular importance because the Plaintiffs have not shown that it is distinguishable from the many other similar cases filed in this District. Experian emphasizes that the amount in controversy here is minimal or non-existent, asserting that Plaintiffs have not suffered any recoverable damages. Experian also argues that this discovery is of minimal importance to the case because Experian has already produced sufficient information for Plaintiffs to ascertain its bankruptcy-scrub policies. Finally, Experian argues that the burden and expense of gathering and producing the documents—"tens of thousands of dollars"— outweighs their minimal "likely benefit," and that Judge Docherty failed to properly assess this factor.

The Court simply does not agree that Judge Docherty failed to assess these proportionality considerations. Judge Docherty first found that each of the requests at issue, as initially served on Experian, were disproportionate to the needs of the case. He then explicitly limited the required discovery in consideration of the burden Experian would have to bear, finding that that burden is minimized by, as well as a somewhat necessary consequence of, the nature of Experian's business—absorbing and managing records "in astronomical numbers." [ECF No. 55 at 7]. As for the likely benefit to the case, Judge Docherty noted that this case "turns on the reasonableness of a bankruptcy scrub," and then limited these requests to documents which provide information about how Experian conducted such scrubs only during the relevant time period. [ECF No. 55 at 7]. The importance and potential benefit of this discovery is not eliminated by the fact that Plaintiffs could, in Experian's estimation, use

discovery already produced to fulfill the same presumed purpose. *See United States ex rel. Dicken v. Northwest Eye Clinic, P.A.*, No. 13-cv-2691 (JNE/KMM), 2018 WL 2980394, at *1 (D. Minn. June 4, 2018) ("The scope of discovery is broad . . . . Information is generally discoverable unless it is clear that the information sought has no bearing upon the subject matter of the action." (quotation omitted)).

While Judge Docherty did not explicitly discuss the amount in controversy in the context of proportionality, he did observe that it was a pertinent factor and noted that Plaintiffs seek "actual and statutory damages, punitive damages, attorneys' fees, costs, as well as other such relief permitted by 15 U.S.C. § 1681 *et seq.*" [ECF No. 55 at 2–3]. The Court rejects Experian's implicit argument that potential damages alone determine the scope of proportionality. *Leonard v. Wal-Mart Stores, Inc.*, No. CV 15-6211, 2017 WL 4476977, at *1 n.2 (E.D. Pa. Jan. 10, 2017) ("Proportionality determinations are to be made on a case-by-case basis using the [factors listed in Rule 26(b)(1)], and no single factor is designed to outweigh the other factors in determining whether the discovery sought is proportional.") (internal quotation marks omitted). And the Court declines Experian's invitation to assume that Judge Docherty failed to apply the correct rules simply because he did not detail every aspect of his proportionality analysis in his written order. *See Coons v. BNSF Ry. Co.*, 268 F. Supp. 3d 983 (D. Minn. 2017) (affirming magistrate judge order granting motion to compel discovery and concluding that "[a]lthough the magistrate judge did not expressly address BNSF Railway's argument, this omission does not establish that the magistrate judge failed to consider BNSF Railway's argument").

Finally, with respect to the importance of this case, Experian cites to no authority for the proposition that a case merits little discovery simply because it is one of many similar cases in

the District. Because Judge Docherty's Order was not clearly erroneous or contrary to law, the Order will be affirmed.

### D. Proposed Compromise

Experian requests that, as an alternative to setting aside the Order, the Court enter a more limited order adopting a compromise position on the requested discovery. Experian specifically asserts that it was ordered to produce similar, but more limited, discovery in a case in the Northern District of Georgia, and it offers to produce the same documents here.

However, there is no indication that this proposal was ever made before Judge Docherty when the motion as originally litigated. An appeal of a magistrate judge's order is an improper venue for new proposals to resolve discovery disputes. *Wright v. Capella Univ., Inc.*, No. 18-CV-1062 (WMW/ECW), 2021 WL 4305236, at *3 (D. Minn. Sept. 22, 2021). The Court will not now consider a compromise that Experian only offered up after its first effort to block the discover entirely was unsuccessful. *Id.* (citing *Grant v. Shalala*, No. 93-CV-0124E(F), 1995 WL 322589, at *2 (W.D.N.Y. Mar. 13, 1995) (warning district courts not to consider arguments raised for the first time on appeal because that "would allow every party to simply decline to present his or her case before a Magistrate Judge, await the result of that adjudication and, thereafter and only if necessary, expend the resources needed to file objections in the District Court")).

## III.   Order

Accordingly, based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT** Experian's Rule 72 Objection [ECF No. 58] to the November 3, 2021, Order [ECF No. 55] is **OVERRULED** and that ruling is **AFFIRMED**.

8

The Court is aware that additional discovery motions have been filed in this case since the issuance of Judge Docherty's November 3, 2021 Order. [ECF Nos. 68, 76]. Nothing contained in this Order should be construed to restrict Judge Docherty's "broad discretion to supervise the discovery matters before him" or foreclose any potential avenues of resolution or compromise. *Shukh v. Seagate Tech., LLC*, 295 F.R.D. 228, 238 (D. Minn. 2013).

Date: January 21, 2022         s/ *Katherine Menendez*
                               Katherine Menendez
                               United States District Judge