## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| THOMAS LYNCH and ROSEMARY NELSON,<br><br>        Plaintiffs,<br><br>v.<br><br>EXPERIAN INFORMATION SOLUTIONS, INC.,<br><br>        Defendant. | **Case No**.: 0:20-cv-02535-KMM-JFD<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT'S REQUEST FOR AN AWARD OF ATTORNEY'S FEES AND COSTS** |

Plaintiffs Thomas Lynch and Rosemary Lynch ("Plaintiffs"), by and through undersigned counsel, respectfully submit this Memorandum In Opposition to Defendant Experian Information Solutions, Inc.'s ("Experian" or "Defendant") Request for Award of Attorney's Fees and Costs.

## I.     <u>INTRODUCTION</u>

Experian's request for attorney's fees and costs is unreasonably high. First, Experian's amount of time expended in opposing Plaintiffs' Motion for In Camera Review, to Compel Discovery, and for Sanctions is unreasonable. Second, Experian's requested hourly fees for its attorneys significantly exceeds the prevailing rate for consumer law attorneys in Minneapolis/St. Paul legal market and is therefore unreasonable on its face. Therefore, Plaintiffs respectfully request that this Court reduce Experian's requested attorneys' fees.

## II.     <u>RELEVANT BACKGROUND</u>

On March 3, 2022, Plaintiffs filed a Motion for In Camera Review of Documents Withheld on the Basis of Privilege; Third Motion to Compel Discovery Responses; and for Sanctions (the "Motion"). Doc. 108. On May 20, 2022, the Court denied Plaintiffs' Motion and awarded Defendant its request for an award of attorneys' fees and costs related to opposing the Motion due to motions to compel certain discovery responses. Doc. 152 at p. 22. On May 31, 2022, Experian filed a Declaration of Christopher M. Johnson in support of its request for attorneys' fees.

## III.     <u>STANDARD OF LAW</u>

The amount of an attorney's fee award must be determined on the facts of each case and is within the district court's discretion. *Hensley v. Eckerhart*, 461 U.S. 424, 429, 437, 103 S. Ct. 1933, 76 L.Ed.2d 40 (1983). The starting point for determining a reasonable attorneys' fee is the "lodestar" calculation, which is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate. see *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (citation omitted).

Factors relevant to the determination of reasonableness include: (1) the time and labor required; (2) the nature and difficulty of the responsibility assumed; (3) the amount involved and the results obtained; (4) the fees customarily charged for similar legal services; (5) the experience, reputation, and ability of counsel; and (6) the fee arrangement existing between counsel and the client. *In re RFC & Rescap Liquidating Trust Action*, 399 F. Supp. 3d 827, 841-42 (D. Minn. 2019) (citations omitted).

Generally, to determine whether an hourly rate is reasonable, courts look at the rates "**prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation**." *In re RFC*, 399 F. Supp. 3d 846 (D. Minn. 2019) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984); accord *McDonald v. Armontrout*, 860 F.2d 1456, 1458–59 (8th Cir. 1988)).

Sometimes, where particular legal specialization is required, courts may consider a national billing rate. *Casey v. City of Cabool*, 12 F.3d 799, 805 (8th Cir. 1993).

However, the fee applicant bears the burden of demonstrating that the fee rates are reasonable. *Hensley*, 461 U.S. at 433, 103 S. Ct. 1933. The fee applicant must also provide documentation as to the nature of the work and appropriateness of both the hourly rates and number of hours expended. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

## IV.   ARGUMENT

### A. PLAINTIFF RESPECTFULLY CONTENDS THAT THE TIME EXPENDED IS UNREASONABLE AND SHOULD BE REDUCED.

In granting Experian's request for fees, the Court found:

> That Plaintiffs did not bring sufficient facts to support their motion for an in camera review is concerning, but what convinces this Court that sanctions are warranted here is the fact that Plaintiffs have now brought the same disputes related to the same RFPs before this Court multiple times. . . . Reasonable people could not differ on the inappropriateness of such duplicative motions to compel.

Doc. 152 at p. 22 (citation omitted).

Plaintiffs did not act nor intend to act without justifiable purpose in seeking in camera review (e.g., the parties discussed, but could not agree on a proposed sample size).  Further underscoring this, courts have broad discretion to permit or decline to permit in camera review, and as noted in the briefing, this is especially true considering that many designations are often subjective and in a "gray area" where dual purposes may exist such as business and legal purposes.  Plaintiffs could not discern the propriety of the asserted privileges and therefore made a good faith request for in camera review based on both the volume of the privilege log and the prior improper designations for which Plaintiffs' prior objections resulted in Experian correcting its disclosures.

In the same way that Court has broad discretion to allow/disallow in camera review, **the Court also has broad discretion to award a fair and reasonable amount of fees regardless of the exceedingly high amount of fees sought by Experian.**

Plaintiffs therefore respectfully request that the Court limit the award of fees to a proportionate amount based on Experian's response to Plaintiffs' motion to compel (which

is mostly duplicative of prior pleadings anyway) and decline to award fees for the time spent responding to the portion of the motion seeking in-camera review, which is a separate issue. This is consistent with the Court's Order regarding the award of fees and avoids unfairly punishing Plaintiffs for an otherwise good faith request for in camera review. Experian has litigated this case just as extensively as Plaintiffs. Plaintiffs have expended substantial time and expense obtaining supplements to discovery from Experian, and to have improper redactions undesignated by Experian. Under the circumstances then, punishing Plaintiffs with an all-encompassing award of fees including the request for in-camera review is heavy-handed and unfair.

The portion of Experian's response addressing the motion to compel is roughly half of the response to the overall motion (pp. 2-8 (Background/Legal Standard), 17-28 (Argument)). As such, Plaintiff respectfully requests that the Court reduce the hours sought from 38.4 to 19.2 based on this proportion.

Alternatively, Plaintiff requests that the Court reduce the requested time spent by excluding what appears to be time spent on the in-camera review portion of the Motion:

| Date | Timekeeper | Time Asserted |
|------|------------|---------------|
| 3-16-22 | Wiers | 1.0 |
| 3-18-22 | Johnson | 8.3 |
| Requested reduction: | | 9.3 hours |

See Doc 157-1.

**B.  EXPERIAN'S REQUESTED HOURLY RATES SIGNIFICANTLY EXCEEDS THE PREVAILING RATE AND ARE THEREFORE UNREASONABLE**

An hourly rate must be reasonable. *Gopher Oil Co. v. Union Oil Co. of Cal.*, 757 F. Supp. 998, 1008 (D. Minn. 1991). When determining a reasonable hourly rate, a court does not automatically accept the rate proffered by the attorney, even if such a rate is the regular hourly billing rate for the attorney. *Id. McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988). Instead, the requested hourly rate must still be in line with "the ordinary fee [charged] for similar work in the community" and "by lawyers of reasonably comparable skill, experience, and reputation." *Gopher Oil Co.*, 757 F. Supp. 1008; *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984). **The relevant legal community to determine reasonable hourly rates is the community where the district court is located.** *Fair Isaac Corp. v. Experian Info. Sols. Inc.*, 711 F. Supp. 2d 991, 1009 (D. Minn. 2010) *aff'd*, 650 F.3d 1139 (8th Cir. 2011).  *See also In re RFC.*, 399 F. Supp. 3d 846; *Blum*, 465 U.S. 886, 895 n.11; *Armontrout*, 860 F.2d 1458–59 (generally, to determine reasonableness, courts look at the rates "**prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."**). The fee applicant has the burden of producing satisfactory evidence beyond the attorney's own affidavit that the requested hourly rates are reasonable. *Fish v. St. Cloud State Univ.*, 295 F.3d 849, 851 (8th Cir. 2002) (citing *Hensley*, 461 U.S. at 437).

Defendant's requested hourly rates of $███ for Adam Wiers, $███ for Christopher Hall, and $███ for Christopher Johnson are all unreasonable and not

anywhere near the prevailing rates in the community.[1] Not only are these rates unreasonable given the rates of similarly situated attorneys doing similar work in the Minneapolis/St. Paul market, but Defendant also failed to provide sufficient evidence to meet its burden of proof regarding the requested fees as Defendant merely cites the years in practice.

As a preliminary matter, Defendant has the burden to prove the reasonableness of its fees and has failed to meet such burden. The only evidence Defendant provides to support the requested hourly rates is an affidavit by Christopher Johnson identifying years of experience. Defendant provides no other evidence indicating the attorneys' actual billing rates, Experian's agreed upon billing rates, or the average or median rates of consumer law attorneys in the Minneapolis/St. Paul legal market. Mr. Johnson's conclusive affidavit is not sufficient given his lack of experience in the market (he has only been litigating for less than three years, is located in California, and is not licensed in Minnesota).

Even if Experian had provided evidence beyond Mr. Johnson's affidavit, Defendant's requested hourly rates would still be unreasonable. Defendant argues that its requested rates are reasonable because they represent a "discounted" amount of the actual billing rate the attorneys charge for similar work they perform. To support this argument, Experian cites three cases, *Vega v. Chi. Park Dist.*, 12 F4th 696 (7th Cir. 2021), *People Who Care v. Rockford Bd. of Educ., Sch. Dist. No. 205*, 90 F.3d 1307, 1310 (7th Cir. 1996) and *Gusman v. Unisys Corp.*, 986 F.2d 1146, 1150 (7th Cir. 1993), stating actual billing

---

[1] As an aside, Adam Wiers and Christopher Hall are not attorneys of record in this matter.

rates are presumptively appropriate to use as a market rate. *People Who Care*, 90 F.3d at 1310. However, none of these cases are in the 8th Circuit and therefore are not controlling.[2] The Eight Circuit has made it clear that "an attorney's ordinary billing rate is not conclusively 'reasonable,' but should be compared to the ordinary fee for similar work in the community [, as t]his factor serves as a check on the reasonableness of the attorney's customary hourly rate." *McDonald v. Armontrout*, 860 F.2d 1456, 1459 (8th Cir. 1988). Therefore, the community rate, and not the attorney's usual billing rate applies.

In Minnesota, courts have consistently found that a "reasonable rate" for work performed in consumer protection cases, including those involving FCRA claims, between $200 and $450. *Wiley v. Portfolio Recovery Assocs., LLC*, No. 20-cv-00737 (SRN/DTS), 2022 U.S. Dist. LEXIS 55573, at *34-35 (D. Minn. Mar. 28, 2022) ($450 for attorney with 25 years of litigation experience); *C.H. Robinson Worldwide, Inc. v. Traffic Tech, Inc.*, No. 19-902 (MJD/DTS), 2021 U.S. Dist. LEXIS 233952, at *10-11 (D. Minn. Dec. 7, 2021) ($425 for shareholder with 12 years of experience); *Price v. Midland Funding LLC*, No. 18-cv-509 (SRN/SER), 2018 U.S. Dist. LEXIS 178175, at *14-16 (D. Minn. Oct. 17, 2018) ($350 is appropriate for attorneys with 12.5 years of experience while $400 is reasonable for an attorney with over 20 years of experience in litigation); *Bell v. Am. Accounts &*

---

[2] Moreover, even if Defendant's cited cases were relevant here (they are not), none of them stand for the proposition that an attorney's actual billing rate is always reasonable. Instead, these courts argue that such rates are "presumptively appropriate to use as a market rate." *People Who Care*, 90 F.3d at 1310. However, this presumption is rebuttable. *Id.* at 1313. Moreover, the Seventh Circuit further clarified in *Vega* that courts are not required to rely solely on billing rates but can also rely on other evidence of market rates to determine reasonableness. *Vega*, 12 F.4th at 705-06. Therefore, actual billing rates are not per se reasonable.

*Advisers, Inc.*, No. 18-2474 (MJD/ECW), 2018 U.S. Dist. LEXIS 223645, at *9 (D. Minn.

Nov. 15, 2018) (reducing a requested rate of $325 to $275 because the attorney only had

three years of experience); *Dunnigan v. Fed. Home Loan Corp.*, No. 15-2626 (SRN/JSM),

2017 U.S. Dist. LEXIS 30680, at *30 (D. Minn. Jan. 5, 2017) ($350 for 14 years of

experience, 10 of which litigating FCRA cases); *Poechmann v. Alerus Financial*, 10-CV-

4186 (SRN/FLN), 2012 U.S. Dist. LEXIS 46387 (D. Minn. Jan. 30, 2012) ($450 in class

action suit for attorney with over 40 years of experience).

Experian also attempts to argue that courts have previously approved similar rates

as its requested rates. However, Experian fails to cite any cases within the District of

Minnesota approving any rates above $675. In fact, in *In re RFC*, a case Experian itself

cited with "uniquely complex legal issues," Justice Hanson, a retired Minnesota Supreme

Court Justice, opined that any rate above $700 would be unreasonable for any attorney in

Minnesota. 399 F. Supp. 3d 827, 831, 847. Experian also cites three California cases where

courts approved similar rates as those it requests. These cases are completely outside of the

relevant legal market of Minneapolis/St. Paul and, therefore, are inapposite. Moreover,

Experian failed to cite any cases, within Minnesota or outside, that concern attorney's fees

awarded in consumer law litigation (discovery disputes). Therefore, each of its cited rates

were not for similar work, but work in completely different areas of law and are not

applicable.

In this case, the requested fees pertain to a discovery motion, for which the parties

engaged in prior motion practice with many of the same issues. This is not the type of

complex or specialized case where a national rate might therefore be considered or should

be considered. Thus, the nature of the action (consumer protection) and the type of motion (discovery) for which fees are sought also weigh heavily against higher fees or a purported national fee. *See, e.g., Wiley v. Portfolio Recovery Assocs., LLC*, No. 20-cv-00737 (SRN/DTS), 2022 U.S. Dist. LEXIS 55573, at \*33-34 (D. Minn. Mar. 28, 2022) (difficulty and time-intensive nature of the work warrant higher fees than cases requiring minimal attorney time and effort like *Meidal*, 2018 U.S. Dist. LEXIS 159638); *Bell v. Am. Accounts & Advisers, Inc.*, No. 18-2474 (MJD/ECW), 2018 U.S. Dist. LEXIS 223645, at \*9 (D. Minn. Nov. 15, 2018) (one of the factors warranting a lower rate aside from inexperience is the simplicity of the case).

In *Kuntz v. Messerli & Kramer P.A.*, No. 16-CV-2676 (JNE/BRT), 2017 U.S. Dist. LEXIS 123498, at \*7 (D. Minn. Aug. 4, 2017), another consumer protection action, the Court found that $350.00/hour fee was appropriate/reasonable based on the market average for Minnesota.

> The Court is also aware that counsel's requested rates are above the market average for Minnesota. (*See*, *e.g*., Dkt. No. 37-2 at 16 (listing the median hourly rate for consumer law attorneys in Minnesota at $350 for 2015 to 2016).) The requested paralegal's hourly rate is also above the market average. (*See id*. (listing the median hourly rate for all paralegals at $82).)

> **Counsel's above-average rates might be reasonable in exceedingly complicated, contentious, and difficult cases, but this case is not one of them. This simple FDCPA action did not require extensive expertise in consumer protection law.**

> **Based on the Court's familiarity with the prevailing market rate for representation in a consumer protection matter of this type and level of difficulty, the Court finds that, for the purposes of the lodestar analysis in this case, the reasonable hourly rates for Lyons, Sr. and Lyons, Jr. are $350 each.**

*Kuntz*, No. 16-CV-2676 (JNE/BRT), at *5.

Based on the Minnesota market, the nature of the action (FCRA/consumer protection), and the task for which fees are sought (discovery motion) Experian's requested hourly rate of $███ for Adam Wiers, based on his "twenty years of experience as a litigator," is wholly unreasonable when compared to hourly rates in the Minneapolis/ St. Paul legal market and the nature of the motion/matter. First, accordingly to the 2017-2018 United States Consumer Law Attorney Fee Survey Report (the "Burdge Report"), the average attorney hourly rate for an attorney practicing consumer law in Minneapolis/ St. Paul for 16-20 years is $400. Ex. 1 at 343. In fact, the 95% Median Attorney Rate for attorneys practicing consumer law was $496. *Id.* at 342. This is consistent with the most recent consumer protection cases awarding attorneys with over twenty years of experience an hourly rate of $450 or lower. *See Wiley*, 2022 U.S. Dist. LEXIS 55573, at *34-35; *Price*, 2018 U.S. Dist. LEXIS 178175, at *14-16; *Poechmann* 2012 U.S. Dist. LEXIS 46387. Therefore, an hourly rate between $400.00 – $450.00 for Mr. Wiers is appropriate here based on the Minneapolis/St. Paul market rates and the nature of the dispute/matter.

Similarly, Experian's requested hourly rate of $███ for Christopher Hall based solely on his "nearly eight years of experience as a litigator," is also highly unreasonable for the same reasons. The Burdge Report indicates a consumer law attorney practicing for 6-10 years makes an average of $313. Ex. 1 at 343. This is also consistent with the court's conclusion in *Price* that a rate of $350 is "appropriate for Twin Cities consumer law attorneys with 12.5 years of experience." *Price*, 2018 U.S. Dist. LEXIS 178175, at *14-15. *See also Kuntz v. Messerli & Kramer P.A.*, No. 16-CV-2676 (JNE/BRT), 2017 U.S. Dist.

LEXIS 123498, at *6-8 (D. Minn. Aug. 4, 2017) (reducing requested hourly rates of $450 and $500 to $350 based on the median hourly rate for consumer law attorneys with 12.5 years of experience in Minnesota). Therefore, an hourly rate between $300.00 – $350.00 for Mr. Hall is appropriate here based on the Minneapolis/St. Paul market rates and the nature of the dispute/matter.

Experian's requested hourly rate of $███████ for Christopher Johnson, because of his "nearly three years of experience," is exorbitant for an attorney in the Minneapolis/St. Paul market. The Burdge Report indicates the average attorney hourly rate for attorneys with 1-3 years of experience is $238 dollars. This rate is consistent with the caselaw awarding attorneys' fees to attorneys with three years of experience. *See Bell*, 2018 U.S. Dist. LEXIS 223645, at *9-11 (reducing a requested rate of $325 to $275 because a rate of $325 was too high for an attorney with only three years of experience). In fact, in *Bell*, the court stated that the attorney's "level of [] experience is reflected by the multiple entries in his billing records showing he needed to consult with several attorneys in this case." *Id.* at 10. Like the attorney in *Bell*, Mr. Johnson consulted with Mr. Wiers and Mr. Hall multiple times in drafting the motion, further evidencing his lack of experience. Therefore, an hourly rate between $250.00 – $275.00 for Mr. Johnson is appropriate here based on the Minneapolis/ St. Paul market rates and the nature of the dispute/matter.

Experian's argument that recent changes in the Minneapolis/ St. Paul legal market warrant its higher requested hourly rates is unsubstantiated, meritless, and contradicted by prior awards in consumer protection cases. The only evidence presented to support this argument were three news articles describing certain changes to the Twin Cities legal

market. However, these articles do not contain sufficient information to support Experian's requested hourly rates. None of these articles highlight how these changes affect hourly rates charged in the area. Instead, the articles only speak to increases in first-year associate salaries at select law firms. It is unclear from the articles how widespread this change is and whether it has impacted the hourly rate paid by clients. In fact, contrary to Experian's argument, the only article that mentions hourly rate changes suggests that the market changes will likely lead to **lower** hourly rates. Liz Fedor, *Inside the Twin Cities' Big Law Firm Mergers*, MINNPOST (Mar. 10, 2020), available at http://www.minnpost.com/twin-cities-business/2020/03/inside-the-twin-cities-big-law-firm-mergers/ (outlining that the changes happening in the market "cause[] the number of law firms used by a multinational business client to decline as it consolidates legal services for **lower hourly fees or fixed rates**.")(emphasis added). Therefore, if anything, the articles support Plaintiffs' proposition that Experian's requested rates are highly unreasonable.

Plaintiffs therefore respectfully request that the Court reduce the requested hourly fees based on the prevailing Minneapolis/ St. Paul legal market rates and the nature of the motion/matter as follows:

| | |
|---|---|
| Adam Wiers: | $400.00 |
| Christopher A. Hall; | $300.00 |
| Christopher M. Johnson: | $250.00 |

## V.   <u>CONCLUSION</u>

In sum, Experian's requested amount of fees reads like sticker shock. This is because Experian has asked for fees at highly unreasonable rates that do not reflect either

the prevailing market rate in Minnesota or a reasonable rate based on the nature of this consumer protection action. *See, e.g., Kuntz*, No. 16-CV-2676 (JNE/BRT), at *5.

For the foregoing reasons, Plaintiffs respectfully request that this Honorable Court reduce Defendant's request for attorneys' fees as follows:

Reduction of total time to 50% proportion (19.2 hours), or, alternatively, a 9.3-hour reduction to 29.1 hours).

Reduction of asserted hourly fees to fairly reflect the local market and the nature of the action: Mr. Wiers ($400.00); Mr. Hall ($300.00); and Mr. Johnson ($250.00).

Based on the foregoing, a 50% proportionate reduction in time based on entries in Doc. 157-1 equates to a total fee award of $5,130.00.

Alternatively, a 9.3-hour reduction in time (-1.0 Mr. Wiers and -8.3 Mr. Johnson for in camera review entries) based on entries in Doc. 157-1 equates to a total fee award of $7,785.00.  These are much more reasonable than Defendant's eye-popping request of nearly $25,000.00 in attorneys' fees for a discovery motion.

Respectfully submitted this 7th day of June 2022,

By: */s/Jenna Dakroub*
Jenna Dakroub, MN # 0401650
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
Telephone: (818) 600-5513
Email:  jenna@pricelawgroup.com

///

14

David A. Chami, AZ #027585
(*admitted pro hac vice*)
**PRICE LAW GROUP, APC**
8245 N. 85th Way
Scottsdale, AZ 85258
T: (818) 600-5515
F: (818) 600-5415
E: david@pricelawgroup.com
*Attorney for Plaintiffs,*
*Thomas Lynch and Rosemary Nelson*

## CERTIFICATE OF SERVICE

I hereby certify that on June 7, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notice of such filing to all attorneys of record in this matter.

*/s/ Brianna Frohman*