UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Thomas Lynch and Rosemary Nelson,<br><br>Plaintiffs,<br><br>v.<br><br>Experian Information Solutions, Inc.,<br><br>Defendant. | Case No. 20-CV-2535 (KMM/JFD)<br><br>**ORDER ON THE COURT'S AWARD OF FEES AND COSTS TO DEFENDANT**<br><br>**FILED UNDER SEAL** |

This matter is before the Court on Defendant Experian Information Solutions, Inc.'s Request for Reasonable Expenses (Dkt. No. 157) filed in connection with Plaintiffs Thomas Lynch and Rosemary Nelson's Motion for *In Camera* Review of Documents Withheld on the Basis of Privilege; Third Motion to Compel Discovery Responses; and Motion for Sanctions (Dkt. No. 108). For the reasons set forth below, the Court orders Plaintiffs to pay $8,018.75 in attorneys' fees to Experian's counsel.

I. BACKGROUND

A. Plaintiffs' Discovery Motions

On August 26, 2021, Plaintiffs filed their First Motion to Compel Discovery. (Dkt. No. 25.) In their Motion, Plaintiffs argued that Experian's responses to, *inter alia*, RFP Nos. 15, 16, and 32, were deficient, and moved for an order compelling Experian to supplement its responses to these discovery requests. (*See* Pls.' Mem. Supp. Aug. Mot. at 4–11.) On November 3, 2021, the Court granted in part and denied in part Plaintiffs' Motion and ordered Experian to supplement its responses to RFP Nos. 15, 16, and 32 by producing all documents that would allow a full understanding of how Experian's

bankruptcy scrub worked during the relevant and proportional period. (Nov. 3 Order at 8–9, Dkt. No. 55.) The Court excluded from Experian's required supplementation "documents bearing on any alleged industry standard of reasonableness[,]" such as Experian's knowledge about other national consumer reporting agencies' bankruptcy scrub procedures. (*Id.* at 10–11.) For reasons of proportionality, the Court expressly limited Experian's disclosure obligations as to these RFPs to materials generated between May 1, 2019 through October 5, 2020. (*Id.* at 8–9.) The Court also declined to award Experian its requested costs and fees in defending against Plaintiffs' Motion. (*Id.* at 19.)

On December 20, 2021, Plaintiffs filed their Second Motion to Compel Discovery (Dkt. No. 68), again asking the Court to Order Experian to supplement its responses to RFP Nos. 15, 16, and 32, and alleging that Experian had failed to comply with the Court's November 3 Order. (Pls.' Mem. Supp. Dec. Mot. at 1–2, Dkt. No. 70.) On April 18, 2022, the Court granted in part and denied in part Plaintiffs' Motion. (Apr. 18 Order at 7, Dkt. No. 134.) Of the seven discovery requests that Plaintiffs sought to compel pursuant to RFP Nos. 15, 16, and 32, the Court denied most because Plaintiffs sought materials that the Court had already ruled were irrelevant or disproportionate in its November 3 Order (*id.* at 10, 12, 19–22); did not exist (*id.* at 14–15, 19); or were unripe (*id.* at 22). The Court granted (at least in part) two of Plaintiffs' requests, ordering Experian to supplement its responses for those requests related to details of Experian's scrub that fell within the proportionally-limited timeframe set in the Court's November 3 Order. (*Id.* at 16, 18.) Experian also sought attorneys' fees and costs in defending against Plaintiffs' Motion, which the Court declined to award both because it had granted some of Plaintiffs' requests, and because it

2

was concerned that such an award might only serve to further entrench the parties in their positions and their tendencies to "litigate the character of opposing counsel" rather than "their clients' positions[.]" (*Id.* at 22–23.)

Plaintiffs filed their Motion for *In Camera* Review, Third Motion to Compel, and Motion for Sanctions on March 3, 2022. (Dkt. No. 108.) In this tripartite Motion, Plaintiffs first asked the Court to review a sample of the documents that Experian had withheld based on privilege because Plaintiffs suspected that Experian had "cloaked" its communications from discovery by systematically including attorneys or litigation-related information in its internal correspondence. (Pls.' Mem. Supp. Mar. Mot. at 9–15, Dkt. No. 110.) Second, Plaintiffs yet again asked the Court to compel Experian to produce materials in response to RFP Nos. 15–16. (*Id.* at 15–18; *see also* Pls.' Dec. Mot. Compel at 1; Pls.' Aug. Mot. Compel at 1.) And third, Plaintiffs sought attorneys' fees and costs under both Federal Rule of Civil Procedure 37 (governing sanctions for a parties' failure to make required discovery disclosures) and 28 U.S.C. § 1927 (giving courts discretion to order attorneys who "unreasonably and vexatiously" multiply proceedings to personally satisfy the resulting costs) because they claimed that Experian's failure to comply with the Court's past Orders, intentionally false claims of privilege, and its counsel's intentional or reckless disregard for his duties had caused Plaintiffs sanctionable and unnecessary hardship and expense. (*Id.* at 19–20.) The Court subsequently entertained oral arguments on Plaintiffs' Motion on March 30, 2022, and took the Motion under advisement. (*See* Hr'g Mins. at 1, Dkt. No. 128; Hr'g Tr. at 3:9–18, 39:24–25, Dkt. No. 131.)

In its Order on May 20, the Court denied Plaintiffs' Motion entirely and awarded Experian its attorneys' fees and costs in defending against it. (Dkt. No. 152.) As to Plaintiffs' request for *in camera* review, the Court held that Experian's privilege log was sufficient under Federal Rule of Civil Procedure 26(b)(5)(A) and relevant caselaw, and that it did not provide an adequate factual basis for *in camera* review. (*Id.* at 9–14.) The Court likewise found that the facts Plaintiffs presented about Experian's alleged discovery abuses—including facts allegedly showing that Experian had acted in bad faith or had improperly withheld information as privileged—did not allow the Court to form a good faith belief that *in camera* review was warranted. (*Id.* at 14–16.) As to Plaintiffs' Third Motion to Compel, the Court found that Plaintiffs had previously brought a similar or identical request (in some cases two similar or identical requests) asking the Court to compel Experian to produce discovery in response to Plaintiffs' RFP Nos. 15 and 16. (*Id.* at 16–17.) Thus, finding that "Plaintiffs ha[d] already asked the Court to rule on these requests—and ha[d] received a decision—sometimes more than once[,]" the Court denied Plaintiffs' duplicative requests in their Third Motion to Compel. (*Id.* at 20 (citing *Vallejo v. Amgen, Inc.*, 903 F.3d 733, 748 (8th Cir. 2018)).) Finally, the Court considered both parties' requests for an award of fees and costs, denying Plaintiffs' request but granting Experian's because "Plaintiffs have now brought the same disputes related to the same RFPs before this Court multiple times." (*Id.* at 22 (citing *Vallejo*, 903 F.3d at 749).) The Court thus "award[ed] Experian its reasonable costs and attorneys' fees in defending against [Plaintiffs'] Motion." (*Id.*)

4

B.   The Parties' Positions on the Award of Fees and Costs

Experian submitted a Declaration on May 31, 2022, in response to the Court's Order on Plaintiffs' Motion for *In Camera* Review of Documents Withheld on the Basis of Privilege; Third Motion to Compel Discovery Responses; and Motion for Sanctions. (Dkt. No. 157.) Plaintiffs' attorney, Christopher M. Johnson, avers that he and his colleagues Adam W. Wiers and Christopher A. Hall, cumulatively performed 38.4 hours of work to defend against Plaintiffs' Motion. (*Id.* ¶ 8.) According to Mr. Johnson, Mr. Wiers has nearly 20 years of litigation experience and his hourly rate is $1,020; Mr. Hall has nearly eight years of litigation experience and his hourly rate is $807.50; and Mr. Johnson's own experience includes three years as a litigator and his current hourly rate is $552.50. (*Id.* at ¶¶ 1, 8.) Based on the respective number of hours of work performed in defending against Plaintiffs' Motion at each attorney's respective hourly rate for their portion of that work, Experian asks for an award of $23,689.50.[1] (*Id.*) In support of this request, Exhibit A to Mr. Johnson's Declaration contains Experian's itemized account of the date, timekeeper name, rate, hours, amount, and a description of the work performed in relation to Plaintiffs' Motion. (Johnson Dec. Ex. A at 1, Dkt. No. 157-1.)

In response, Plaintiffs filed an objection to Mr. Johnson's Declaration, contesting the reasonableness of the fees itemized in Exhibit A to that Declaration on the following grounds: (1) the Court should limit the fees sought to the fees attributable to defending against the Third Motion to Compel that gave rise to the Court's sanctions, but should not

---

[1] The Court notes that Experian asks only for an award of attorneys' fees and submits no costs for consideration in relation to this matter.

permit fee recovery for the costs of defending against Plaintiffs' *in camera* review request; and (2) the Court should reduce the fees sought to reflect the prevailing reasonable hourly rate for similar work performed by lawyers of similar skill and experience within the Twin Cities legal community. (Pls.' Opp'n at 4–14, Dkt. No. 160.)

## II.  LEGAL STANDARD

Courts have broad discretion in awarding attorneys' fees and costs. *Hanig v. Lee*, 415 F.3d 822, 825 (8th Cir. 2005) (citing *Harmon v. City of Kansas City*, 197 F.3d 321, 329 (8th Cir. 1999)). "Where attorney fees are appropriate, courts typically use the 'lodestar' method for calculating a reasonable award." *Paris Sch. Dist. v. Harter*, 894 F.3d 885, 889 (8th Cir. 2018) (citations omitted). "The lodestar 'is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates.'" *Id.* (quoting *Dindinger v. Allsteel, Inc.*, 853 F.3d 414, 429 (8th Cir. 2017)). "The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection." *Fox v. Vice*, 563 U.S. 826, 838 (2011).

## III.  DISCUSSION

The Court has already determined in its prior Order that Experian is entitled to reasonable attorneys' fees under Federal Rule of Civil Procedure 37(a)(5)(B) because Plaintiffs' Motion was not substantially justified and there were no other circumstances that would make an award of fees and costs unjust. (May 20 Order at 22.) The Court must now determine the reasonableness of Experian's fee request. *See United States v. Bos. Sci. Corp.*, No. 11-CV-2453 (JNE/TNL), 2021 WL 4030274, at *1 (D. Minn. Sept. 3, 2021)

(discussing a magistrate judge's authority to determine the monetary amount of a sanctions award).

### A.   The Proportionality of the Fees to the Sanctionable Motion

Plaintiffs first argue that the Court should limit the fees sought to those attributable to defending against the Third Motion to Compel that gave rise to the Court's sanctions, rather than permitting Experian to recover fees for all parts of Plaintiffs' three-part Motion. (Pls.' Opp'n at 4–5.) Plaintiffs provide no relevant caselaw supporting their contention, instead appealing to the Court's general sense of fairness. Plaintiffs claim that the Court should "avoid[] unfairly punishing Plaintiffs for an otherwise good faith request for in camera review." (*Id.* at 5.) Plaintiffs propose two ways that the Court could determine the amount of such a reasonable reduction: either by the number of pages in Experian's Memorandum opposing Plaintiffs' Motion, which Plaintiffs argue is roughly half of Experian's brief; or by the length of time that Experian attests that it spent on the sanctionable part of Plaintiffs' Motion. (*Id.*)

The Court finds that the fees Experian accrued for the hours spent defending against the *in camera* review and sanctions portions of Plaintiffs' Motion should be excluded. In its May 20 Order, the Court wholly denied Plaintiffs' Motion for two reasons: the lack of an adequate factual basis to bring an *in camera* review motion, and the duplicative requests to compel discovery (May 20 Order at 22.) The Court noted that, while the lack of sufficient facts supporting Plaintiffs' *in camera* review request was "concerning," what ultimately convinced the Court of the appropriateness of granting Experian's sanctions request was "the fact that Plaintiffs have now brought the same disputes related to the same RFPs before

7

this Court multiple times." (*Id.* (citing *Vallejo*, 903 F.3d at 749).) The Court held that "[r]easonable people could not differ on the inappropriateness of such duplicative motions to compel." (*Id.*) The Court finds that because it was Plaintiffs' Third Motion to Compel that prompted the Court to order sanctions, it is only Experian's fees in defending against that particular portion of Plaintiffs' overall Motion that is reasonable to order Plaintiffs to pay. The Court thus excludes those portions of Experian's hours for work performed defending against Plaintiffs' Third Motion for *In Camera* Review or Motion for Sanctions.

Based on the hourly rates provided in Exhibit A to Mr. Johnson's Declaration, the Court finds that Experian's counsel spent the following amounts of time performing work on Plaintiffs' Third Motion to Compel: Mr. Wiers spent 0.5 hours; Mr. Hall spent 4.2 hours; and Mr. Johnson spent 23.85 hours.[2] (Johnson Dec. Ex. A at 1.) Combined, Experian's counsel thus performed 28.55 hours of the total 38.4 hours performing work on Plaintiffs' Third Motion to Compel, and the Court finds that these are the reasonable hours that shall be used to calculate the lodestar for the ordered sanctions.

---

[2] For those work description entries in Exhibit A to Mr. Johnson's Declaration that included work performed for both Plaintiffs' Third Motion to Compel and Motion for *In Camera* Review, the Court has halved the amount of time in the entry and included only one half in its calculation of the reasonable hours that Experian spent in defending against Plaintiffs' sanctionable Third Motion to Compel. This is inexact, but it is all the precision that Experian's submitted billing records allow. The Court also notes that Experian did not document any work performed in specifically defending against Plaintiffs' Motion for Sanctions, and Plaintiffs do not raise any specific concerns about this in their Opposition. As a result, the Court does not specifically account for any of Experian's work performed on Plaintiffs' Motion for Sanctions in its calculations.

8

### B.  The Reasonableness of Experian's Fees in the Community

Plaintiffs next argue that the Court should reduce the fees sought because the hourly rates provided in Mr. Johnson's Declaration are unreasonable for work of comparable complexity and difficulty, by comparably experienced attorneys in the relevant legal community, which is the Twin Cities. (Pls.' Opp'n at 6–14.)

"A reasonable hourly rate generally means the ordinary fee for similar work in the community." *Little Rock Sch. Dist. v. Arkansas*, 674 F.3d 990, 995 (8th Cir. 2012) (citations omitted, cleaned up). Experian "bears the burden of 'produc[ing] satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Midwest Disability Initiative v. Nelmatt, LLC*, 344 F.Supp. 3d 1047, 1051 (D. Minn. Sept. 26, 2018) (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *McDonald v. Armontrout*, 860 F.2d 1456, 1458–59 (8th Cir. 1988)). Courts may also rely on their own experience and their knowledge of prevailing market rates to determine whether the hourly rates requested are reasonable. *See Hanig*, 415 F.3d at 825.

The Court finds that the hourly rates in Exhibit A to the Johnson Declaration are unreasonably high. While the number of hours (as limited by this Order) for the described work are reasonable, the hourly rates do not reflect hourly rates in the Twin Cities. *See Hanig*, 415 F.3d at 825.

Experian argues that Plaintiffs' ternary discovery Motion was complex and justifies its request for reasonable fees (Johnson Decl. ¶¶ 10–11), but the Court finds that litigating

9

motions to compel discovery in cases with a limited number of parties is not a particularly complex legal task that requires specialized skills. *Kuntz v. Messerli & Kramer P.A.*, No. 16-CV-2676 (JNE/BRT), 2017 WL 3332222, at *3 (D. Minn. Aug. 4, 2017) (finding above-average rates unwarranted in a matter that was not "exceedingly complicated, contentious, and difficult"). Federal Rule of Civil Procedure 26(b)'s relevance and proportionality requirements are understood across attorneys' areas of expertise and are a basic mechanism for resolving disputed discovery productions.

Experian also contends that this case merits the Court's consideration of both out-of-state rates and recent changes in the Minneapolis-St. Paul legal market. (*Id.* ¶¶ 12–16.) However, the Court does not find convincing the evidence adduced by Experian about Minneapolis/St. Paul rates of roughly $500 to $1,000 per hour. The Court finds no compelling reason to adopt rates from another state, or rates based upon some calculation derived from media reports that the pay for first-year associate attorneys at large firms in the Twin Cities has recently risen. Instead, the Court will follow the guidance provided in recent caselaw from this District setting forth examples of reasonable rates for attorneys with years of experience generally equal to Experian's counsel who have been litigating consumer protection cases in this community. *See, e.g., Kuntz*, 2017 WL 3332222, at *3 (finding a reduction to the median hourly rate for consumer law attorneys in Minnesota of $350 reasonable); *Wiley v. Portfolio Recovery Assocs., LLC*, No. 20-CV-0737 (SRN/DTS), 2022 WL 903207, at *12 (D. Minn. Mar. 28, 2022) (finding a rate of $450 reasonable for a consumer law attorney with 25 years of experience litigating in this community); *Price v. Midland Funding LLC*, No. 18-CV-509 (SRN/SER), 2018 WL 5259291, at *5 (D. Minn.

10

Oct. 22, 2018) (finding that $350 was an appropriate rate in the Twin Cities for a consumer law attorney with 12.5 years of experience, and that $400 is a reasonable rate in this community for a consumer law attorney with 20-plus years of experience); *Bell v. Am. Accts. & Advisers, Inc.*, No. 18-CV-2474 (MJD/ECW), 2018 WL 6718573, at *4 (D. Minn. Nov. 15, 2018) (finding that $275 was an appropriate rate for a consumer law attorney litigating in this community with three years of experience), *R. & R. adopted*, No. 18-CV-2474 (MJD/ECW), 2019 WL 1405606 (D. Minn. Mar. 28, 2019).

Therefore, considering the Court's knowledge and experience with the prevailing rates in the Minneapolis-St. Paul market and the caselaw above supporting a finding that Experian's counsels' rates exceed those that are considered reasonable, the Court finds Experian's rates should be reduced to the following hourly rates for each timekeeper when calculating the lodestar: $400 for Mr. Wiers based on his nearly 20 years of experience; $300 for Mr. Hall based on his nearly eight years of experience; and $275 for Mr. Johnson based on his three years of experience. (*See* Johnson Decl. at ¶¶ 1, 8.)

## IV.   CONCLUSION

After the above findings are incorporated into the lodestar calculation, Exhibit A to Mr. Johnson's Declaration would be altered as follows: Mr. Wiers's 0.5 hours working on Plaintiffs' Third Motion to Compel at a rate of $400 per hour totals $200; Mr. Hall's 4.2 hours working on Plaintiffs' Third Motion to Compel at a rate of $300 per hour totals

$1,260; and Mr. Johnson's 23.85 hours working on Plaintiffs' Third Motion to Compel at a rate of $275 per hour totals $6,558.75. The following table shows these calculations:

Table I: The lodestar calculation

| Timekeeper | Rate | Hours | Amount |
|---|---|---|---|
| Adam W. Wiers | $400 | 0.5 | $200 |
| Christopher A. Hall | $300 | 4.2 | $1,260 |
| Christopher M. Johnson | $275 | 23.85 | $6,558.75 |
| **TOTALS** | | **28.55 hours** | **$8,018.75** |

Thus, after the Court's reductions to limit the fee award to time Experian's counsel actually spent defending the sanctionable portion of Plaintiffs' Motion (the Third Motion to Compel), and reasonable community rates in the Minneapolis-St. Paul legal market, Experian worked for a combined total of 28.55 hours on Plaintiffs' Third Motion to Compel and incurred attorneys' fees totaling $8,018.75. The Court finds an award of $8,018.75 to be reasonable.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiffs Thomas Lynch and Rosemary Nelson shall pay to Experian's attorneys Experian's fees associated with their Third Motion to Compel, as described more fully herein, in the amount of $8,018.75. Payment must be made within 90 days of the date of this Order.

2. This Order shall be unsealed in its entirety 30 days from the date it is filed, unless the parties show in writing good cause to keep specific portions of the Order

under seal. Accordingly, the parties shall promptly meet and confer regarding any redactions that may be required to protect confidential information referred to in this Order, and shall file a joint letter and proposed redacted order within 14 days from the date this Order is filed, identifying with specificity the redactions they believe are required and the basis for those redactions.

Date: June 15, 2022              *s/ John F. Docherty*
                                 JOHN F. DOCHERTY
                                 United States Magistrate Judge